**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTWAN CRAY,

    Petitioner,

vs.                                         Case No.:    3:13-cv-1246-J-34MCR
                                                                          3:10-cr-204-J-34MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Antwan Cray's "Request to Supplement [ ] Petitioner's Title 28 U.S.C. Section 2255 Motion" (Civ. Doc. 16, "Motion to Supplement") and proposed supplement (Civ. Doc. 17, "Supplement").[1] Cray seeks to supplement his Motion to Vacate with a claim that his prior convictions for the sale of cocaine, in violation of Florida Statutes section 893.13(1)(a), should not have counted as "serious drug offenses" for purposes of the Armed Career Criminal Act (ACCA) because Florida law does not require proof that the defendant knew about the illicit nature of the controlled substance. See generally Supplement.

As Cray recognizes, the Eleventh Circuit rejected this argument in United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014), cert. denied, 135 S. Ct. 2897 (2015). Supplement at 3. There, the Eleventh Circuit held that "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled

---

[1]     Citations to the record in the underlying criminal case, United States of America vs. Antwan Cray, 3:10-cr-204-J-34MCR, will be denoted as "Crim. Doc. ___." Citations to the civil § 2255 case, Case No. 3:13-cv-1246-J-34MCR, will be denoted as "Doc. ___."

substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance." Smith, 775 F.3d at 1268. In the proposed Supplement, Cray simply argues that Smith was wrongly decided because it conflicts with other authorities. Supplement at 3-9.

Federal Rule of Civil Procedure 15 embraces a liberal pleading standard, but a court may deny a motion to amend or supplement the pleading where doing so would be futile. See Giddens v. United States, 579 F. App'x 959, 959-60 (11th Cir. 2014) (affirming denial of § 2255 movant's motion to amend where case law foreclosed the movant's proposed ineffective assistance claim). "Leave to amend a [pleading] is futile when the [pleading] as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id. at 959 (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, Cray's motion to supplement is futile because the supplemental claim is foreclosed by Smith, 775 F.3d 1262. Although Cray disputes whether Smith is correct, Smith is binding precedent. As such, the Court must follow the decision unless and until it is overruled by the Eleventh Circuit en banc or by the Supreme Court. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003)). Because neither the Supreme Court nor an en banc panel of the Eleventh Circuit has overruled Smith, the supplemental claim would be futile in light of current precedent, and the Motion to Supplement is due to be denied.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Antwan Cray's Motion to Supplement (Civ. Doc. 16) is **DENIED**.

2. Cray's Supplement (Civ. Doc. 17) is **STRICKEN**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of October, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Pro se petitioner
Counsel of record